[No. 4841.]

## THE BAER BROTHERS LAND & CATTLE COMPANY v. WILSON ET AL.

1. **Appellate Practice—Transcript—Amendments.**

Leave to amend a transcript will be granted almost as a matter of course, and the proper practice is not for the appellate court to order the omitted parts of the record to be inserted in the record, but the transcript may be withdrawn for correction by the trial court or a supplemental transcript may be filed.

2. **Water Rights—Appellate Practice—Order Allowing Appeal— Filing Proof of Service and Publication—Extension of Time.**

Section 2432 Mills' Ann. Stats., requiring proof of service and publication of the order allowing an appeal from a proceeding adjudicating priorities of water rights to be filed with the clerk of the supreme court within sixty days after the order is made is mandatory and the supreme court cannot grant an extension of time for filing such proof, but must dismiss the appeal if a motion for that purpose is made by appellee after the expiration of the sixty days and before the proof is filed.

*Appeal from the District Court of Rio Blanco County.*

*Motion.*

Mr. C. W. DARROW and Mr. E. A. MARTIN, for appellant.

Mr. JUSTICE CAMPBELL delivered the opinion of the court.

The motion has a twofold object: *First,* to amend the transcript; *second,* to extend the time for filing proof of service and publication of order allowing the

appeal. As the second ground presents an important question of practice, our conclusion should be embodied in an opinion as a precedent in similar cases.

1. Leave under the first ground of motion is almost as a matter of course. The proper practice, however, is not for this court to order omitted parts of the record to be inserted in a transcript. Permission may be given to withdraw the transcript for correction by the trial court, or an order made allowing a supplemental transcript to be filed to perfect the record. Appellant may file a supplemental transcript containing the portions of the record which it alleges have by inadvertence been omitted, subject, of course, to the right of appellees to make their objections.

2. The judgment sought to be reviewed seems to have been entered under the general irrigation statutes enacted for the purpose of settling the priorities of right to the use of water for irrigation. These statutes furnish a special procedure which embraces specific provisions for perfecting an appeal. Section 2432 Mills' Ann. Stats. requires that proof of the service and publication of the order allowing the appeal shall be filed with the clerk of the supreme court within sixty days after the order is made, and, if not so filed, the supreme court shall, on motion of the appellee at any time after such default in filing of proof and before such proof shall be filed, dismiss the appeal.

We cannot grant the extension. The provision as to time is mandatory. *Needle Rock D. Co. v. Crawford-Clipper D. Co., ante,* p. 209. While the mere failure of appellant to file the proof within sixty days after the order of allowance is made, does not *ipso facto* work a dismissal of the appeal, yet if appellees should interpose a motion to dismiss after such default and before such proof is filed, this court would be obliged to grant it. And if we should allow the

extension of time asked for, it might cut off the absolute right of appellees to have the appeal dismissed for non-compliance by appellant with a mandatory provision of a statute.

The motion as to the first ground is allowed and as to the second denied.